**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

GAYTRA EARLEY, an individual,          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )          Case No. CIV-10-964-M
                                       )
BETHANY FIRST CHURCH OF THE            )
NAZARENE, an Oklahoma Corporation,     )
                                       )
                    Defendant.         )

## ORDER

This case is scheduled for trial on the Court's August 2012 trial docket.

Before the Court are defendant's Motion for Summary Judgment and Amended Motion for

Summary Judgment, both filed June 1, 2012.  On June 18, 2012, plaintiff filed her response.

Defendant has filed no reply.  Based upon the parties' submissions, the Court makes its

determination.

I.     Introduction

Plaintiff began her employment with defendant Bethany First Church of the Nazarene

("Church") on May 8, 2007 as a Chef's Helper and Server.  Plaintiff alleges that for a year, between

December 2008 and December 2009, she was verbally and physically sexually harassed by her direct

supervisor, Charlie Jones ("Jones").  Specifically, plaintiff alleges that on a weekly, and near daily

basis, Jones referred to her by sexually offensive names.  Additionally, plaintiff alleges that between

December 2008 and May 2009, on some 15 occasions, on a weekly and near bi-weekly basis, Jones

either grabbed, groped, pinched, slapped, and squeezed her breasts or buttocks, gyrated his genitalia

against her buttocks, or he forcible pinned her against a wall with his body and kissed or tried to kiss

her on her mouth, or he directly requested she engage in sexual intercourse.  Plaintiff further alleges

that while continuing the verbal harassment, between May and December 2009, Jones ceased the physical assaults, but in December 2009, he again began the physical assaults and sexual requests.

Plaintiff alleges that between May and December 2009, after rejecting Jones' stream of sexual advances, plaintiff suffered a traumatic reduction in her hours.  Plaintiff verbally reported the alleged sexual harassment to the Church on December 16, 2009 and reduced to writing her complaint on December 18, 2009.  Plaintiff alleges that thereafter her hours continued to be traumatically reduced.  Plaintiff also alleges that after April 2010, the Church took her off the work schedule and quit calling her to provide work, resulting in her termination.  The Church alleges that it left plaintiff a voicemail, requiring her to call in each week to be on the work schedule and that plaintiff never called in and, therefore, quit her job.  Plaintiff contends that she was terminated in retaliation for her opposing the sexual advances of Jones and reporting his sexual misconduct to Church administrators.

On September 7, 2010, plaintiff filed the instant action against the Church, alleging sexual harassment, retaliation, public policy wrongful termination, and assault and battery.  The Church now moves for summary judgment.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

A.     Sexual Harassment

Plaintiff alleges that she was subjected to a sexually hostile work environment due to the actions of Jones.  A plaintiff may prove the existence of hostile work environment sexual harassment in violation of Title VII "where [sexual] conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Hirschfeld v. N.M. Corr. Dep't*, 916 F.2d 572, 575 (10th Cir. 1990) (internal quotations and citation omitted).  "For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Id.* (internal quotations and citation omitted).

The Church contends that plaintiff has not met the above standard.  Specifically, the Church asserts that plaintiff has not shown that any alleged harassment was sufficiently severe or pervasive to alter the conditions of her employment.  The Court has carefully reviewed the parties' briefs and

evidentiary submissions.  Viewing the evidence in the light most favorable to plaintiff and viewing

all reasonable inferences in plaintiff's favor, the Court finds plaintiff has set forth sufficient evidence

to create a genuine issue of material fact as to whether she suffered sexual harassment that was

sufficiently severe or pervasive to alter the conditions of her employment and create an abusive

working environment.  Specifically, plaintiff has submitted evidence that for a year between

December 2008 and December 2009, she was verbally and physically sexually harassed by Jones,

in that on a weekly, and near daily basis, Jones referred to her by sexually offensive names and on

some 15 occasions, on a weekly and near bi-weekly basis, Jones either grabbed, groped, pinched,

slapped, and squeezed her breasts or buttocks, gyrated his genitalia against her buttocks, or he

forcible pinned her against a wall with his body and kissed or tried to kiss her on her mouth, or he

directly requested she engage in sexual intercourse.

The Church also contends that it is not liable for any alleged sexual harassment because it

had no knowledge of any alleged sexual harassment.  However, "[a]n employer is subject to

vicarious liability to a victimized employee for an actionable hostile environment created by a

supervisor with immediate (or successively higher) authority over the employee." *Faragher v. City

of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765

(1998).  Thus, because Jones was plaintiff's supervisor with immediate authority over her, the Court

finds that whether the Church had knowledge of any alleged sexual harassment is not dispositive

of the Church's liability.[1]

---

[1]In *Faragher* and *Ellerth*, the Supreme Court established an affirmative defense to vicarious liability that an employer may raise.  The Church, however, did not argue that affirmative defense in its motion for summary judgment.

Accordingly, the Court finds that summary judgment should not be granted as to plaintiff's sexual harassment claim.

B.     Retaliation

To establish a prima facie case of retaliation, plaintiff must show that (1) she engaged in protected opposition to discrimination; (2) she was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000).  The Church contends that plaintiff suffered no adverse employment action.  Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has set forth sufficient evidence to create a genuine issue of material fact as to whether she was subject to an adverse employment action.  Having reviewed the parties' submissions, it is clear there is a genuine dispute as to whether plaintiff quit her employment with the Church or whether she was terminated.  The Court would also note that plaintiff has submitted evidence showing that her hours were greatly reduced both after she rejected Jones' alleged sexual advances and after she reported the sexual harassment to the Church.  Accordingly, the Court finds that summary judgment should not be granted as to plaintiff's retaliation claim.

C.     Constructive Discharge

The Church contends that plaintiff cannot establish her claim of constructive discharge. Courts, however, have found that when an employer controls the working hours and reduces the number of working hours, a constructive discharge can occur if the employee quits. *See Green v. Bd. of Cnty. Comm'rs*, 472 F.3d 794, 802-03 (10th Cir. 2007); *Wilson v. Hess-Sweitzer & Brant, Inc.*, 864 P.2d 1279, 1284 (Okla. 1993).  Having carefully reviewed the parties' submissions, and

viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences

in plaintiff's favor, the Court finds there is a genuine issue of material fact as to whether the Church

controlled the number of hours plaintiff worked and whether the Church reduced the number of

hours to such an extent that plaintiff was constructively discharged.  Accordingly, the Court finds

that summary judgment should not be granted as to plaintiff's constructive discharge claim.

        D.        Assault and Battery

        The Church contends that it cannot be held liable for any of the alleged intentional acts of

Jones under any theory of agency, vicarious liability or *respondeat superior*.  In response, plaintiff

states that she is not seeking to hold the Church liable under a theory of agency, vicarious liability,

or *respondeat superior* but that she is seeking to hold the Church liable for its own negligence in

failing to investigate, respond, or discipline Jones for prior battery and assault incidents which

culminated in the alleged assault and battery on plaintiff.

> Employers may be held liable for negligence in hiring, supervising or
> retaining an employee.  In such instances, recovery is sought for the
> employer's negligence.  The claim is based on an employee's harm
> to a third party through employment.  An employer is found liable,
> if – at the critical time of the tortious incident – , the employer had
> reason to believe that the person would create an undue risk of harm
> to others.  Employers are held liable for their prior knowledge of the
> servant's propensity to commit the very harm for which damages are
> sought.

*N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999).  "The critical element for

recovery is the employer's prior knowledge of the servant's propensities to create the specific danger

resulting in damage." *Id.*

        Having carefully reviewed the parties' submissions, the Court finds that there is a genuine

disputed issue of material fact as to the Church's prior knowledge of Jones' sexual assault and

battery propensities. Accordingly, the Court finds that summary judgment should not be granted as to plaintiff's assault and battery claim.

IV.     Conclusion

For the reasons set forth above, the Court DENIES the Church's Motion for Summary Judgment [docket. no. 34] and Amended Motion for Summary Judgment [docket no. 35].

**IT IS SO ORDERED this 16th day of July, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE